UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Respondent. | ) | CRIMINAL ACTION |
| v. | ) | NO. 03-10146-JLT |
| | ) | |
| HAROLD STONIER, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

# ORDER ON REQUEST FOR RECUSAL

February 14, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

Petitioner Harold Stonier ("Stonier") has moved, pursuant to 28 U.S.C. § 144, that I recuse myself from reviewing his petition for post-conviction relief brought pursuant to 28 U.S.C. § 2255. (Docket No. 306). After careful consideration of the petitioner's arguments, the request for recusal is DENIED.

## II. STATEMENT OF FACTS[1]

On April 11, 2003, a criminal complaint issued against Stonier, alleging that he had attempted to murder his then-wife. This court presided over a detention hearing on April 15, 2003, and Stonier, through his court-appointed attorney, consented to pre-trial detention. Evidence offered at the detention hearing included recordings of in-person

---

[1] The court recounts selected portions of the procedural history to provide context for Stonier's recusal motion. The court here expresses no opinion about decisions made during pre-trial proceedings.

conversations between Stonier and undercover FBI agents. An indictment issued on May 1, 2003, and the case was referred to my session for all pre-trial proceedings.

During the pre-trial proceedings, Stonier frequently disagreed with the strategies of his attorneys. At the defendant's request, on July 28, 2003, Catherine Byrne, Stonier's first counsel, was permitted to withdraw from the case. She was replaced by Elliot Weinstein. On March 25, 2004, Attorney Weinstein moved to withdraw from the case at Stonier's request. The motion was initially denied, but subsequently allowed on April 30, 2004 pending appointment of successor counsel. Attorney Sarah Jennings Hunt was appointed on June 7, 2004. At various times, Stonier challenged Attorney Hunt's representation of him. On November 2, 2004, after a hearing, I found that Stonier had made a knowing and intelligent waiver of his right to counsel and could proceed *pro se*. Attorney Hunt remained as standby counsel.

On December 6, 2004, Stonier moved to revoke his detention order. (Docket No. 86). Stonier also requested that I recuse myself from the detention proceedings. (Docket No. 88). Stonier argued that I had abused my discretion in connection with his detention hearing and in failing to sufficiently investigate his complaints against counsel, among other bases. As detailed in my order dated December 17, 2004 (Docket No. 101), I declined to recuse myself, reasoning that Stonier had not asserted any facts suggesting that my impartiality might reasonably be questioned. After a hearing, on December 23, 2004, I issued a Memorandum and Order, ruling that pre-trial detention continued to be warranted. (Docket No. 107). I issued a Final Status Report on December 23, 2004.

The trial was held on March 7-14, 2005 before District Judge Tauro. The jury found Stonier guilty on all counts. (Docket No. 157). On July 26, 2005, Judge Tauro sentenced Stonier to ten years imprisonment.

On September 7, 2010, Stonier filed a petition to vacate his conviction pursuant to 28 U.S.C. § 2255. (Docket No. 299, as later amended by Docket Nos. 309, 310). Stonier has moved, pursuant to 28 U.S.C. § 144, that I recuse myself from reviewing his petition for post-conviction relief on the grounds of a conflict of interest, or due to actual or perceived bias or prejudice. (Docket No. 306).[2] As evidence of my bias against him, Stonier cites the following three rulings: (1) I administered his waiver to counsel on November 2, 2004, even though, as a Magistrate Judge, I allegedly possessed no legal authority to do so (id. ¶ 1); (2) I declined to investigate his counsel for conflicts, thereby forcing him to represent himself, and, moreover, I allegedly doctored the transcript of the July 6, 2004 hearing in order to protect myself (id. ¶ 2); and (3) I denied the first recusal request. (Id. ¶ 3).

Additional facts will be provided where appropriate.

### III. DISCUSSION

A party can move for recusal by showing that the judge "has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. In

---

[2] Stonier has also moved to disqualify Judge Tauro (Docket No. 305) and Assistant United States Attorney Brian Kelly (Docket No. 306). Those motions are not before this court.

-3-

addition, a judge must recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455 (a).

"Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal." In re Boston's Children First, 244 F.3d 164, 167 n.7 (1st Cir. 2001) (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)). Further, opinions "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555, 114 S. Ct. at 1157. "[N]either lawyers nor litigants are entitled to *tabula rasa* judges." Obert v. Western Ins. Co., 398 F.3d 138, 145 (1st Cir. 2005). "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." United States v. Voccola, 99 F.3d 37, 42 (1st Cir. 1996) (quoting Liteky, 510 U.S. at 551, 114 S. Ct. at 1155).

The expectation that a judge may appropriately review his own trial conduct is especially strong in petitions pursuant to 28 U.S.C. § 2255. All § 2255 motions are initially forwarded "to the judge who conducted the trial and imposed sentence . . . ." Rule 4(a), Rules Governing Section 2255 Proceedings. As explained in the Advisory Committee Notes relating to this Rule's adoption in 1976, "it is highly desirable in such cases that the motions be passed on by the judge who is familiar with the facts and

circumstances surrounding the trial, and is consequently not likely to be misled by false allegations as to what occurred." (Quoting <u>Carvell v. United States</u>, 173 F.2d 348-49 (4th Cir. 1949)). This Rule reflects the "long-standing majority practice[.]" 1976 Adoption Notes. Based on this clear congressional mandate, judges routinely review Section 2255 motions relating to their prior rulings at trial. <u>See</u>, <u>e.g.</u>, <u>Leland v. United States</u>, 495 F. Supp. 2d 125, 126-27 (D. Me. 2007) (rejecting motion to recuse); <u>Baldyga v. United States</u>, 337 F. Supp. 2d 264, 269-70 (D. Mass. 2004) (same).

Applying these principles to the present case, Stonier has failed to provide any credible basis for my recusal. Stonier cites only to the fact of my rulings, rather than any comments or attitudes that I exhibited while making those rulings. As in the <u>Liteky</u> case, my actions "occurred in the course of judicial proceedings, *and* neither (1) relied upon knowledge acquired outside such proceedings nor (2) displayed deep-seated and unequivocal antagonism that would render fair judgment impossible." <u>Liteky</u>, 510 U.S. at 556, 114 S. Ct. at 1158. Stonier's accusation that the court tampered with the transcript of the July 6, 2004 hearing lacks any factual support and does not merit consideration. <u>Baldyga</u>, 337 F. Supp. 2d at 270 (refusing to recuse when petitioner "has asserted only theories of conspiracy without facts to support them."

Disqualification is "appropriate only when the charge is supported by a factual basis and when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" <u>In re Boston's Children First</u>, 244 F.3d at 167 (quoting <u>In re United States</u>, 666 F.2d 690,

-5-

695 (1st Cir. 1981)). Stonier has not asserted any facts which suggest that a situation exists where my "impartiality might reasonably be questioned." United States v. Snyder, 235 F.3d 42, 45 (1st Cir. 2000) (quoting Liteky v. United States, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). Nor do I feel that I am unable, for any reason, to provide the defendant with a fair hearing. Id. at 48. A judge has a "duty not to recuse himself or herself if there is no objective basis for recusal." In re United States, 441 F.3d 44, 67 (1st Cir. 2006). Here, there is no basis for recusal and the motion to recuse is, therefore, DENIED.

                                                  / s / Judith Gail Dein
                                                  Judith Gail Dein
                                                  U.S. Magistrate Judge