UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HAROLD STONIER, | ) | |
| | ) | |
| Defendant/Petitioner, | ) | |
| v. | ) | CRIMINAL NO. 03-10146-JLT |
| | ) | CIVIL NO. 10-11547-JLT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS 28 U.S.C. § 2255 PETITION

April 7, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

In March 2005, Petitioner Harold Stonier ("Stonier") was convicted by a federal jury of three counts of murder-for-hire, in violation of 18 U.S.C. § 1958. He was sentenced on July 26, 2005 to 120 months of incarceration, followed by 3 years of supervised release. On May 4, 2009, the First Circuit Court of Appeals dismissed Stonier's appeal for lack of prosecution. On September 2, 2010, Stonier filed a petition for post-conviction relief pursuant to 28 U.S.C. § 2255, which he subsequently amended. (Docket Nos. 299, 309-311).

In its response, the United States has asserted that Stonier's petition should be dismissed as untimely, since it was filed nearly one month after the 1-year statute of limitations in 28 U.S.C. § 2255(f) expired. (Docket No. 303). This court finds that the

petition for post-conviction relief is indeed time-barred. Accordingly, this court recommends to the District Judge to whom this case is assigned that Stonier's petition for post-conviction relief, as amended, (Dockets No. 299, 309-311) be DENIED.

## II. STATEMENT OF FACTS

Only the facts relevant to the timeliness of Stonier's § 2255 petition will be addressed herein.

On March 14, 2005, a jury found Stonier guilty of one count of use of interstate commerce facilities in the commission of murder-for-hire and two counts of interstate travel in the commission of murder-for-hire. (Docket No. 157). On July 26, 2005, he was sentenced by the trial judge to 10 years of imprisonment, followed by 3 years of supervised release. Stonier filed timely notices of appeal and various motions following his conviction. On May 4, 2009, the First Circuit entered a final judgment dismissing Stonier's appeal for lack of prosecution. (Docket No. 290). The First Circuit issued its mandate to the District Court on June 10, 2009. (Docket No. 297).

Stonier did not file a petition for certiorari to the United States Supreme Court. He contends that he filed "a writ of mandamus" to the Supreme Court, although it is not included in the record. Stonier has submitted what appears to be a notice from the Clerk of the Supreme Court of the United States dated October 5, 2009, stating that on that date the Court had entered an order that the "petition for a writ of mandamus is denied." Stonier's Mem. (Docket No. 304) at Ex. 1. Since the Supreme Court case number is 08-10712, it would appear that the mandamus petition was filed in 2008. See id. How-

ever, Stonier contends that it was filed on April 21, 2009. Id. at 7. In any event, it is undisputed that any petition for mandamus was filed before the First Circuit's decision dismissing the appeal, and was obviously not a direct appeal from the guilty verdicts. See Stonier Mem. at 6-7.

On September 2, 2010, Stonier mailed his § 2255 petition, entitled "Motion to vacate, set aside, or correct sentence (28 USC § 2255)," which was received by this court on September 7, 2010. (Docket No. 299). On October 4, 2010, the government filed its "Response to Defendant's Habeas Petition" (Docket No. 303) seeking the dismissal of Stonier's petition on the grounds that it was untimely.

Additional facts will be provided below where appropriate.

### III.  DISCUSSION

A one-year statute of limitations applies to petitions for post-conviction relief brought pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255(f). As the statute provides, the "limitation period shall run from the latest of —

>    (1) the date on which the judgment of conviction becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f). Only the first two alternatives are at issue in the instant case.

## When the Judgment Becomes Final

It is now well established that for purposes of the statute of limitations period under § 2255(f), "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1075, 155 L. Ed. 2d 88 (2003). According to the Rules of the United States Supreme Court, "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." Id. at 527, 123 S. Ct. at 1076 (quoting Rule 13(3)). Thus, contrary to Stonier's contention, the date the appellate court mandate issued is irrelevant. Id. at 524-25, 123 S. Ct. at 1074; Stonier Mem. (Docket No. 304) at 4 (arguing the date of the appellate court mandate starts the initial calculation). Rather, Stonier's "conviction became final when the ninety-day period for seeking certiorari expired[,]" *i.e.*, 90 days from May 4, 2009, or August 3, 2009.[1] Neverson v. Farquharson, 366 F.3d 32, 36 (1st Cir. 2004). Stonier mailed his petition from prison on September 2, 2010. It is, therefore, barred by the statute of limitations.

---

[1] August 2, 2009, the 90th day, was a Sunday and therefore excluded. See Supreme Court Rule 30(1).

-4-

Stonier contends that his judgment became final only after the Supreme Court disposed of his writ of mandamus, on October 5, 2009. See Stonier Mem. (Docket No. 304) at 5. However, he has cited no support for this proposition, and none has been found. As an initial matter, this court cannot determine the basis for Stonier's mandamus petition, or the remedy he was seeking, since the petition was not included in his pleadings responding to the government's request for dismissal. In any event, it is clear that the petition was not seeking direct review of the underlying judgment, since it was filed with the Supreme Court before the First Circuit had ruled on his direct appeal. Thus, the filing of the mandamus petition could not affect the date his judgment became final. See Trenkler v. United States, 268 F. 3d 16, 22 (1st Cir. 2001) (only proceedings involved in a petitioner's direct appeal are considered in determining when a judgment becomes final under § 2255). Accord Barnes v. United States, 437 F. 3d 1074, 1079 (11th Cir. 2006). Moreover, as the Supreme Court has ruled, in the context of post-conviction relief "finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay, 537 U.S. at 527, 123 S. Ct. at 1076. It would be inconsistent with this "unvarying understanding of finality" (id.) if any type of motion a prisoner might elect to file was to result in a different analysis of when the judgment was final. Stonier's filing of the mandamus petition before the First Circuit's decision on direct appeal does not affect the calculation of the one-year statute of limitations.

## Equitable Tolling

Next, Stonier argues that his petition should be deemed timely based on principles of equitable tolling. "Equitable tolling is a doctrine that 'provides that in exceptional circumstances, a statute of limitations 'may be extended for equitable reasons not acknowledged in the statute creating the limitations period.'" Ramos-Martinez v. United States, — F.3d —, No. 09-1856, 2011 WL 768966, *4 (1st Cir. Mar. 7, 2011) (quoting Neverson v. Farquharson, 366 F.3d 32, 40 (1st Cir. 2004)) (additional citation omitted). It is now established that the limitations period for filing a federal prisoner's habeas petition under 28 U.S.C. § 2255(f) is subject to equitable tolling. Id. at *5. See also Holland v. Florida, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010) (holding that limitations period under 28 U.S.C. § 2244(d), which applies to federal habeas petitions by prisoners in state custody, is subject to equitable tolling in appropriate circumstances).

"A court's power to invoke equitable tolling must be exercised case by case" and should be invoked only "sparingly." Ramos-Martinez, 2011 WL 768966, at *6 (citations omitted). The burden is on the petitioner to establish the basis for equitable tolling. Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (citation omitted). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)). "In the habeas context in particular, courts must take care to avoid upsetting the strong concern for finality embodied in [the AEDPA]."

Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (citation and internal punctuation omitted). "[E]quitable tolling is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." Id. (quoting Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002)) (additional citation omitted)). Equitable tolling is not warranted when the petitioner "simply failed to exercise due diligence in preserving his legal rights." Trenkler, 268 F.3d at 25 (citing Irwin v. Dep't of Veterans Affairs, 489 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990)); see also Trapp, 479 F.3d at 61 (listing "some of those factors that may influence a court's decision whether or not to grant equitable tolling in a habeas case"). Stonier has failed to meet his burden of establishing that equitable tolling is warranted in the instant case.

Stonier proffers several reasons why equitable tolling is appropriate. He claims that he was ignorant of the deadline. He further argues that he was justifiably confused about the date of finality of his judgment, due to his petition for mandamus and his filing of various other petitions, some of which remain pending. Stonier Mem. (Docket No. 304) at 7. In addition, he argues that, as a pro se petitioner, he should not be subject to "stringent procedural niceties" and not be penalized for his "excusable neglect." Id. at 2. None of these arguments, however, supports equitable tolling in the instant case.

A mistake in computing the statute of limitations does not generally justify equitable tolling. David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003). With regard to a simple time calculation, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Id. (quoting Irwin v. Dep't of Veterans

Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 458, 112 L. Ed. 2d 435 (1990)). In the instant case, the relevant time period was well-established by the time Stonier was pursuing his appeals. There were no extraordinary circumstances compelling a departure from the statute of limitations.

Stonier's miscalculation is not excused simply because he is proceeding pro se. "[I]t is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)). Rather, "[i]n the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law." Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001), and cases cited. Similarly, the fact that Stonier's confusion may have been due, at least in part, to the fact that he was pursuing other motions does not render his misconception about the appropriate time limits either "extraordinary [or] a circumstance external to his control." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (no equitable tolling where petitioner did not understand that litigating a motion to reduce his sentence would not toll the statute of limitations).[2]

---

[2] Stonier also relies on the language in Papantony v. Hedrick, 215 F.3d 863, 865 (8th Cir. 2000), that a *pro se* petitioner "should not unreasonably be subjected to stringent procedural niceties." Such reliance is misplaced. In Papantony, the court chose to interpret an improperly-captioned habeas petition as stating a civil rights claim. Id. It did not eliminate a *pro se* petitioner's obligation to comply with time limitations. In the instant case, Stonier has failed to file any acceptable pleading within the allotted time, and he has not established any "extraordinary circumstances" that would warrant equitable tolling. As detailed in the cases cited above, the fact that a petitioner is *pro se*, or ignorant of the law, or simply miscalculated the relevant dates, does not excuse a late filing of a habeas petition.

## Actual Innocence

Stonier argues further that his petition should be accepted even after the statute of limitations because it contains claims of "actual innocence." Stonier Mem. (Docket No. 304) at 8. In support of his claim of actual innocence, Stonier incorporates two of the arguments raised in his habeas petition, specifically:

> Petitioner claims non-production of a complete statement by government at his trial, necessary to put prosecution's partial statement used against him into proper context, was a Brady, and/or Jencks violation. Also associated with the constitutional considerations of Due Process, the Confrontation Clause, and the Self-Incrimination Clause implicated in the aforementioned claim, is the consideration of the potential impeachment value under Giglio v. US, 405 US 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Mem. of Points & Authorities (Docket No. 301) at 35.

> Petitioner claims he withdrew from the conspiracy and was thereafter threatened (entrapped) thereby compelling self-incrimination; government never disproved withdrawal and/or compulsion; or did so using untrustworthy/fraudulent evidence used to obtain conviction is insufficient to support a verdict of conviction.

Id. at 42. As detailed herein, these arguments do not support the untimely filing of Stonier's habeas petition.

To establish actual innocence, a "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Gunter v. Maloney, 291 F.3d 74, 83 (1st Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). See also House v. Bell, 547 U.S. 518, 537, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006). A review of a case in light

of a claim of actual innocence occurs only in the "extraordinary case," and "[r]eliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" is generally necessary to mount an actual innocence claim. Id. at 536, 537, 126 S. Ct. at 2076, 2077 (citations omitted). As detailed herein, not only has Stonier failed to raise claims sufficient to initiate a review of his habeas petition on the grounds of actual innocence, but also his claim of actual innocence has not established a basis for ignoring the statute of limitations.

As an initial matter, the First Circuit has held that a claim of actual innocence does not support a finding of equitable tolling. See David, 318 F.3d at 347. As various, but not all courts, have held,"the actual innocence exception has nothing to do with failing to meet a deadline because of extraordinary circumstances, which is the situation addressed by equitable tolling" and there is no statutory exception to the one-year statute of limitations period for claims of actual innocence. See Lee v. Lampert, 610 F.3d 1125, 1129 (9th Cir. 2010). But see Souter v. Jones, 395 F.3d 577, 602 (6th Cir. 2005) (allowing consideration of late-filed habeas petition where petitioner has demonstrated a credible claim of actual innocence). As the First Circuit has explained, "[i]n general, defendants who may be innocent are constrained by the same explicit statutory or rule-based deadlines as those against whom the evidence is overwhelming: pre-trial motions must be filed on time, timely appeals must be lodged, and habeas claims must conform to AEDPA. In particular, the statutory one-year limit on filing initial habeas petitions is not mitigated by any statutory exception for actual innocence even though Congress clearly

knew how to provide such an escape hatch." David, 318 F.3d at 347. It is also significant that, in the instant case, Stonier is not making any claim of newly discovered evidence or new legal principles which would affect when his petition could be filed. Rather, he is claiming that there was error based on events that took place at trial. Under such circumstances, a late filing of an initial habeas petition should not be excused. See Escamilla v. Jungwirth, 426 F.3d 868, 871-72 (7th Cir. 2005) (discussing different scenarios when actual innocence claim is based on newly discovered, as opposed to the original, evidence).

Even assuming that a claim of actual innocence could justify a late filing, Stonier has not, at this juncture, made a credible showing of actual innocence. As Stonier himself alleges, he engaged in initial discussions about hiring Moniz to kill his wife, although the conversations were allegedly vague. See Mot. to Vacate (Docket No. 299) at 17. He contends that "between the first and second meetings, Stonier did in fact have second-thoughts and resigned himself to abandoning the scheme" although, he claims, he was too scared to withdraw. Id. Stonier charges the government with misconduct in prohibiting him from withdrawing from the murder-for-hire plot. Id. at 18-20. These are not objections which establish that Stonier was "actually innocent" of the crimes alleged — these are claims that he was deprived of legal defenses. However, "actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998). Stonier has not

established a credible claim of actual innocence sufficient to render the statute of limitations inapplicable.

## **Government Interference**

Lastly, Stonier argues that his § 2255 motion should be allowed to proceed due to government interference. Stonier Mem. (Docket No. 304) at 9. If the government unconstitutionally impeded Stonier's ability to file the present § 2255 motion, the one year statute of limitations would accrue only after the cessation of that government action. See 28 U.S.C. § 2255(f)(2). Stonier contends that he needs additional time to present his arguments on this point. See Stonier Mem. (Docket No. 304) at 9. However, since the undisputed facts establish that the government did not prevent Stonier from filing motions both in this court and in various other courts, Stonier cannot establish that the statute of limitations should be tolled due to governmental interference.

To the extent that Stonier is referring to "government interference" during pre-trial discovery and the prosecution of the criminal charges against him, such alleged conduct is irrelevant for purposes of computing the statute of limitations. Stonier's terms of confinement have not changed since 2005, during which time he has filed dozens of timely papers to this court, the First Circuit, the D.C. District Court and Court of Appeals, and the United States Supreme Court. Therefore, Stonier cannot establish that he was prevented from filing his habeas petition.

For all these reasons, the statute of limitations began to run on the date the judgment of conviction became final. Since his petition for habeas relief was filed more than a year after the judgment was final, the petition should be dismissed.

## IV. **CONCLUSION**

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Stonier's petition for post-conviction relief, as amended, (Dockets No. 299, 309-311) be DENIED.[3]

                                                       / s / Judith Gail Dein
                                                       Judith Gail Dein
                                                       U.S. Magistrate Judge

---

[3] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).